UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re<br>AMERICANWEST BANCORPORATION,<br>　　　　　　　　　　DEBTOR.<br>_____<br>AMERIWEST BANK,<br>　　　　　　　　　　Plaintiff,<br><br>STARBUCK BANCSHARES INC.,<br>SANDLER O'NEILL & PARTNERS,<br>CAPPELLO CAPITAL CORP.,<br>　　　　　　　　　　Defendant. | NO. CV-11-0448-LRS<br>CASE NO. 10-6097-PCW11<br>(Adv. Proc. No. 11-80039-PCW;<br>11-80323-PCW)<br><br>**ORDER RE REPORT AND RECOMMENDATION AND REFERRAL TO BANKRUPTCY COURT FOR ALL PRETRIAL MATTERS** |

This matter is before the Court on Bankruptcy Judge Patricia C. William's December 5, 2011, *sua sponte* motion for withdrawal of the reference of adversary proceeding to the United States District Court for the Eastern District of Washington. (ECF No. 98 in 11-80323-PCW). The *sua sponte* Report and Recommendation was apparently transmitted to the District Court shortly thereafter. However, for reasons which are currently unknown, the case did not show up thereafter on this court's electronic calendar. None of the parties filed a response to Judge

ORDER ~ 1

William's *sua sponte* request in this Court or in the proceedings before the bankruptcy court.

In the Report and Recommendation, the Bankruptcy Judge concluded that remand under 28 U.S.C. § 1452(b) is not appropriate in this matter and that a federal court should retain jurisdiction of this case for the following reasons:

> 1) Cappello's claims that it is entitled to warrants for shares of stock. This claim interferes with this Court's Sale Order because the Order directed that one hundred percent (100%) of the stock of the Bank be sold to Purchaser. An issue exists whether Cappello's requested relief is foreclosed pursuant to the Asset Purchase Agreement and the Sale Order. To the extent that Cappello seeks to challenge that Sale Order, that issue should be decided by a federal court.
>
> 2) Sandler seeks an administrative claim for indemnity from the DIP. Should the DIP be found liable to Sandler on that claim, this would significantly impact the administration of this bankruptcy proceeding. That claim may not delay or impact the plan confirmation process, but will result in a delay of the distribution of funds to creditors under any confirmed plan.
>
> 3) Cappello seeks to recover, from Sandler, the fees the DIP paid to Sandler, which fees have been approved by this Court. Such requested relief raises issues as to the effect of this Court's Order. A federal court should determine this issue.

ECF No. 98, at 9 in 11-80323-PCW.

The Bankruptcy Judge recommended that the District Court withdraw the reference as to this adversary proceeding. The Bankruptcy Judge further recommended that the parties file any pleadings regarding the new adversary proceeding with the District Court.

The Bankruptcy Court considered, and so must this Court, the recent decision of the United States Supreme Court *Stern v. Marshall*, --- U.S.

ORDER ~ 2

----, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), which held that bankruptcy judges do not have Article III constitutional authority to enter final judgment under 28 U.S.C. § 157(b)(2)(C) on a debtor's state-law counterclaim which is not resolved in the process of ruling on the creditor's proof of claim. 131 S.Ct. 2594, 2608. The Bankruptcy Court noted the existence of state law counterclaims by AmericanWest Bank in the adversary proceeding at issue, requiring final judgment to be entered by this Court. As a consequence of the *Stern* holding, this Court must determine whether the reference should be withdrawn, either because the law compels withdrawal or, if not, whether withdrawal is warranted in the exercise of this court's discretion.

While *Stern* appears to prevent the bankruptcy court from entering a final judgment on the counterclaim(s) at issue here, this Court is not prepared to find that *Stern* precludes this Court from allowing pretrial proceedings to be handled by means of a Report and Recommendation from the Bankruptcy Judge. As to permissive withdrawal under 28 U.S.C. § 157(d), the Ninth Circuit has held that a district court should consider several factors, including "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" in the exercise of its discretion. *Sec. Farms v. Int'l. Bhd. of Teamsters* (*In re Security Farms*), 124 F.3d 999, 1008 (9th Cir.1997).

This Court has reviewed the *Stern* decision; the Bankruptcy Judge's *sua sponte* motion; supplementary letters[1] from Defendant Cappello Capital

---

[1] The letters were sent to ascertain the status of the pending motion

ORDER ~ 3

Corp., Defendant AmericanWest Bank, and Defendant Sandler O'Neill & Partners, L.P.; and the Bankruptcy Court's Report and Recommendation. Based on the foregoing reasons, the Court finds that the motion to withdraw reference should be granted in the exercise of discretion and the Bankruptcy Court's Report and Recommendation should be adopted.

The Court further notes that the Bankruptcy Court has already been highly involved in this case, and is very familiar with the facts and issues. Due to a pending summary judgment motion filed before the Bankruptcy Court, this Court will refer all pretrial matters, including the pending summary judgment, to the Bankruptcy Court. The Bankruptcy Court will then *sua sponte* supplement its Report and Recommendation after all pending pretrial and dispositive motions have been determined. Proceeding in this fashion will speed the bankruptcy to resolution and conserve scarce resources of the parties and of both courts.

**IT IS THEREFORE ORDERED BY THE COURT** that the Bankruptcy Court's Motion to Withdraw Reference and to Transfer to the Federal District

---

to withdraw reference pending in the Bankruptcy Adversary Action ECF Nos. 98, 99. Local Rule 7(i) expressly encourages the parties to a pending motion to contact the courtroom deputy to inquire as to the status on motions pending for more than 30 days. The parties informally requested withdrawal of reference, but only after all pretrial matters, including pending summary judgment motions, are completed. The parties also agreed that this Court should handle trial of this action, if the action goes forward.

ORDER ~ 4

Court for the Eastern District of Washington (ECF No. 1 filed in CV-11-448-LRS) is **GRANTED** with respect to **Adversary Proceeding No. 11-80323-PCW** and this Court shall henceforth exercise jurisdiction over trial of this matter. The Bankruptcy Court shall supplement its report and recommendation after all pretrial matters, including pending dispositive motions, have been determined.

**IT IS FURTHER ORDERED**, subject to the foregoing, that the Bankruptcy Court's Report and Recommendation is **ADOPTED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to counsel and the Clerk of the Bankruptcy Court.

**DATED** this ___3rd___ day of February, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER ~ 5